**IN THE COURT OF APPEALS OF IOWA**

No. 14-0122
Filed June 25, 2014

**IN THE INTEREST OF K.P.,**
    **Minor Child,**

**K.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.


        K.S. appeals the juvenile court's termination of her parental rights.

**AFFIRMED.**


        Marcy Lundberg of Marcy Lundberg Law Office, Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, Cori Kuhn-Coleman, County Attorney, and Jordan W. Brackey,

Assistant County Attorney, for appellee.

        Derek Johnson, Fort Dodge, for father.

        Sarah Smith of Bennett, Crimmins & Smith, Fort Dodge, attorney and

guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

K.S. appeals the juvenile court's order terminating her parental rights. She claims there are no aggravated circumstances justifying a waiver of services, there are insufficient grounds to justify termination, termination is not in the best interests of the child, and her procedural due process rights were violated by the court's swift action in this case. We find the lengthy history of abuse in this case justifies a finding of aggravated circumstances warranting the waiver of services and termination of K.S.'s parental rights. The child's best interests will be served by termination. We also find K.S. had adequate notice of the hearing and ample opportunity to be heard. Accordingly, there is no due process violation. We affirm.

## I.      Background Facts and Proceedings

K.S. is the mother of a thirteen year old child, K.P. Since the age of seven, K.P. has undergone a pattern of being sexually abused by several perpetrators, including the biological father, while under the care and supervision of K.S. It is the most recent incident, by K.P.'s father,[1] that led to the termination of K.S.'s parental rights.

Removal of the child from K.S.'s care occurred when K.S. and K.P. left the home where they had been living with family. K.S. has since engaged in very limited services and visitation with K.P.

A combined hearing was held regarding disposition, termination of parental rights, and permanency. The juvenile court determined aggravated

---

[1] The father voluntarily terminated his parental rights and is not a party to this appeal.

circumstances existed warranting a waiver of services and proceeded immediately to termination. During the hearing, two department of human services (DHS) social workers testified to their experience with K.P. and K.S. Each stated their belief that further services were unlikely to be successful because of the long history of abuse and prior warnings to K.S. to not allow sexual predators to have access to K.P. There was also testimony that K.S. failed to understand the seriousness of the abuse.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III. Discussion

### A. Aggravated Circumstances

The juvenile court found aggravated circumstances justifying waiver of the usual requirement for reasonable services. K.S. claims, because she has been participating in services for only a short time, a longer period of time is necessary to allow her to benefit from the services.

Iowa Code section 232.102(12) (2013) allows for waiver of services when the court finds aggravated circumstances. Included in the list of possible aggravated circumstances are the termination grounds found in section 232.116(1)(i), the section relied upon here. Section 232.116(1)(i) allows for termination when a child has been adjudicated in need of assistance due to physical or sexual abuse and the abuse posed a significant risk or danger to the

child. We find such circumstances exist in this case. K.P. has been subjected to a long pattern of abuse while in the care of K.S., and on at least one occasion while the mother was in the room and observing. Through her actions over a number of years, K.S. has proved she is likely to continue subjecting K.P. to sexual abuse without the protective wall of judicial intervention. This wasn't the first DHS intervention due to allegations of sexual abuse, yet each time K.S. continued the same pattern of behavior. On the horrific facts of this case, we find aggravated circumstances justifying the waiver of services.

### B. Termination/Best Interests

K.S.'s parental rights were terminated pursuant to section 232.116(1)(i). K.S. does not dispute there has been abuse, or that the abuse posed a significant risk of danger to K.P. Her entire argument is there is no evidence that additional services "would not correct the conditions which led to the abuse . . . within a reasonable period of time." Iowa Code § 232.116(1)(i)(3).

In any termination proceeding, we engage in a three-step process. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We first consider the grounds found in section 232.116(1). If grounds for termination exist, we proceed to consider the best interests of the child under section 232.116(2). Finally, we examine whether the permissive exceptions under section 232.116(3) apply. In this instance it is clear abuse occurred and placed this child in danger. Iowa Code § 232.116(1)(i)(1)–(2). We also agree with the district court that there is clear and convincing evidence additional services would not remedy the situation. Both DHS social workers testified that services would be of little use. Their

opinion, based upon the circumstances of the case, is sufficient to conclude services would be of no help in this matter.

We also find it is in K.P.'s best interests to terminate K.S.'s parental rights. K.P. will likely feel the ramifications of the abuse suffered for many years. Only by removal from K.S.'s custody and care can K.P. begin the arduous process of healing with the knowledge additional abuse will not occur.

Finally, K.S. claims we should decline to terminate under section 232.116(3)(a), which applies when a relative has legal custody of the child. As K.S. acknowledges, K.P. is in the custody of DHS and has merely been placed with the paternal uncle. K.P. is not in the legal custody of a relative, accordingly section 232.116(3)(a) does not apply. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

### C.    Due Process

K.S. claims her procedural due process rights were violated by the combined disposition and termination hearing.

The Iowa Constitution and United States Constitution both guarantee no person may be deprived of life, liberty, or property without due process of law. Iowa Const. art I, § 9; U.S. Const. amends. V, XIV. Procedural due process is guaranteed when state action threatens deprivation of a protected property or liberty interests. *In re K.M.*, 653 N.W.2d 602, 607 (Iowa 2002). Termination of parental rights affects a, "parent's fundamental liberty interest in the care, custody, and control of her child." *Id.* The determination of what procedure is required is determined by balancing three interests: (1) the private interest of the

parent; (2) the risk of error; and (3) the governmental interest in the procedures employed. *In re C.M.*, 652 N.W.2d 204, 212 (Iowa 2002). The fact that one particular procedure does not violate due process does not mean a different procedure automatically violates due process. *Id.* Due process necessarily shifts and flexes on procedural matters depending upon the particular situation. *In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994). Generally, due process requires the parents be afforded notice of the hearing and a meaningful opportunity to be heard. *K.M.*, 653 N.W.2d at 607.

K.S. was given sufficient notice of both the nature and scope of the combined hearing. She was also given ample opportunity to be heard on both the aggravated circumstances and termination issues, and declined to present a meaningful defense to the State's allegations. In no way did the combined hearing deprive her of a meaningful right.

Finding sufficient grounds for termination and the waiver of services due to aggravated circumstances, and finding no due process violation, we affirm the judgment of the juvenile court.

**AFFIRMED.**